**UNITED STATES of America**

v.

**Andre WILLIAMS, Appellant.**

**No. 06–3827.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 3, 2008.

Filed: April 18, 2008.

Robert L. Eberhardt, Kelly R. Labby, Office of United States Attorney, Pittsburgh, PA, for United States of America.

---

Karen S. Gerlach, Office of Federal Public Defender, Pittsburgh, PA, for Appellant.

Before: SCIRICA, Chief Judge,
FISHER and ROTH, Circuit Judges.

### OPINION OF THE COURT

SCIRICA, Chief Judge.

Andre Williams appeals his sentence, specifically the District Court's decision to apply a U.S.S.G. § 2K2.1(b)(5)[1] four-level sentencing enhancement, raising his offense level to 25. Williams contends the firearm on his person at the time of arrest was not used "in connection with another felony offense" under U.S.S.G. § 2K2.1(b)(5). We will affirm.

On August 28, 2005, police officers observed Williams walking outside, carrying a shotgun. When the officers identified themselves, Williams fled, dropping the shotgun as he ran. Williams was caught and searched. Twenty-one stamped bags of heroin and $613 in cash were discovered on his person.

Williams pled guilty to a one-count indictment charging possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). Williams entered an open plea of guilty. The Presentence Report (PSR) assigned a base level offense of 24 under U.S.S.G. § 2K2.1(a)(2) for violation of 18 U.S.C. § 922(g)(1), then added a four-level enhancement under U.S.S.G. § 2K2.1(b)(5), explaining that Williams carried both the shotgun and heroin at the time of his arrest. After a three-level reduction for acceptance of responsibility, the final recommended offense level was 25 with an accompanying guideline range of 110–137. After argument on both sides regarding the four-level enhancement, the District Court found U.S.S.G.

§ 2K2.1(b)(5) applicable, imposing a sentence of 110 months incarceration.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. This court has jurisdiction under 28 U.S.C. § 1291. We review the District Court's interpretation of the Sentencing Guidelines *de novo* and its findings of fact for clear error. Facts relevant to sentencing guidelines enhancements should be found by a preponderance of the evidence. *United States v. Grier*, 475 F.3d 556, 568–71 (3d Cir.2007).

U.S.S.G. § 2K2.1(b)(5) applies where the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony." At sentencing, the District Court found by a preponderance of evidence that Williams carried the shotgun in connection with the felony offense of possession with intent to distribute or unlawful possession. Williams contends U.S.S.G. § 2K2.1(b)(5) was inapplicable because his possession of the shotgun was coincidental to, and not in connection with, heroin possession intended solely for personal use.

"In connection with" covers a wide range of relationships, including causal and logical. *United States v. Loney*, 219 F.3d 281, 284 (3d Cir.2000) (Simultaneous possession of a semi-automatic pistol and 29 packets of heroin satisfied U.S.S.G. § 2K2.1(b)(5).). Possession of a firearm which facilitates or emboldens the commission of another felony offense fulfills the "in connection with" requirement. *Id.* at 288. At the time of his arrest, Williams possessed 21 packets of heroin, valued at $150–$210, and $613 cash, and was carry-

---

1. U.S.S.G. § 2K2.1(b)(5) was renumbered in November 2006 as U.S.S.G. § 2K2.1(b)(6).

ing a loaded shotgun in plain sight. He was not carrying any of the drug paraphernalia required for personal use. Williams explained the presence of the shotgun at sentencing by stating only that he had taken it from a young man earlier to prevent injury. Carrying a shotgun in plain view could certainly have emboldened or facilitated Williams in either his unlawful act of possession—a felony offense given his criminal history—or in possession with intent to distribute. The District Court did not commit clear error in finding a sufficient relationship between Williams' possession of a firearm and commission of a felony or in applying U.S.S.G. § 2K2.1(b)(5).

For the foregoing reasons, we will affirm the judgment of sentence.

